Filed 5/10/21  P. v. Garcia CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B307757 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA357126) |
| v. | |
| RICARDO GARCIA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Curtis B. Rappe, Judge.  Reversed and remanded.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael C. Keller and Wyatt E. Bloomfield, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Ricardo Garcia appeals from the denial of his petition for resentencing pursuant to Penal Code section 1170.95. We reverse and remand for a new sentencing hearing pursuant to section 1170.95, subdivision (d)(3).

In 2009, defendant was charged with first degree murder (Pen. Code, § 187, subd. (a)) and attempted murder (§ 187, subd. (a), § 664). Firearm use and gang allegations were alleged as to both counts (§ 12022.53, § 186.22). The charges arose from an incident on March 19, 2009, in which defendant's fellow gang member and codefendant, Francisco Ruiz, walked up to the front of an apartment building where several members of a family were gathered and began shooting, wounding one family member and killing another. Defendant was charged and prosecuted as the dropoff and getaway driver for Ruiz. (*People v. Garcia* (May 22, 2013, B236196) [nonpub. opn.].)

During deliberations, the jury indicated an inability to reach a decision on defendant's liability as a direct aider and abettor. After discussing the matter with counsel, the court instructed the jury on the natural and probable consequences doctrine. The jury thereafter returned with a verdict. The jury acquitted defendant of first degree murder, found him guilty of second degree murder and acquitted him of attempted murder. The jury found true the gang allegation and the allegation that a principal discharged a firearm in the commission of the offense. (*People v. Garcia, supra,* B236196.) The trial court sentenced defendant to an indeterminate term of 40 years to life.

In an unpublished decision, we affirmed defendant's conviction. (*People v. Garcia, supra,* B236196.)

In 2018, Senate Bill 1437 (2017–2018 Reg. Sess.) was passed. Penal Code section 1170.95 was enacted as part of the legislative

changes effected by Senate Bill 1437 and became effective January 1, 2019.  (Stats. 2018, ch. 1015, § 4.)

In early 2019, defendant filed in propria persona a form petition for resentencing pursuant to Penal Code section 1170.95. The court appointed counsel for defendant.  The People filed a response opposing defendant's petition, and defense counsel filed a reply.

Because of delays occasioned by the COVID-19 pandemic, the hearing on defendant's petition was not held until September 4, 2020.  Defendant was present and represented by counsel.  No new evidence was presented.

The court denied the petition.  The court explained it believed the appropriate standard of review was akin to a substantial evidence standard focused on whether defendant "could 'be convicted of first or second degree murder' under the present law" and that the prosecution had proved that defendant could still be convicted as a direct aider and abettor under the amended law.

Defendant appealed.  We granted defendant's request to take judicial notice of the case file and our prior opinion affirming his conviction.

At the time of the hearing on defendant's petition, there were no published decisions discussing the correct standard to be applied by a trial court at an evidentiary hearing pursuant to Penal Code section 1170.95, subdivision (d)(3).

Shortly after the hearing, *People v. Duke* (2020) 55 Cal.App.5th 113, review granted January 13, 2021, S265309, concluded the relevant standard was similar to the substantial evidence test.  "To carry its burden, the prosecution must therefore prove beyond a reasonable doubt that the defendant *could* still

3

have been convicted of murder under the new law—in other words, that a reasonable jury could find the defendant guilty of murder with the requisite mental state for that degree of murder. This is essentially identical to the standard of substantial evidence, in which the reviewing court asks " 'whether, on the entire record, a rational trier of fact could find the defendant guilty beyond a reasonable doubt. . . . [¶] . . . ' [Citation.]" (*Id.* at p. 123.)

Respondent urges us to follow *Duke* and affirm the trial court's order. Defendant argues the language of Penal Code section 1170.95, subdivision (d)(3) requires the trial court, ruling on a petition at a post-OSC evidentiary hearing, to act as an independent fact finder and apply the beyond a reasonable doubt standard of proof. We agree with defendant and several decisions that have disagreed with *Duke*.

In *People v. Lopez* (2020) 56 Cal.App.5th 936, 949, review granted February 10, 2021, S265974, the court reasoned "[t]he statute itself provides the answer. [Penal Code] Section 1170.95, subdivision (d)(3) expressly states that the beyond a reasonable doubt standard of proof applies. Accordingly, we construe the statute as requiring the prosecutor to prove beyond a reasonable doubt each element of first or second degree murder under current law in order to establish ineligibility."

*People v. Rodriguez* (2020) 58 Cal.App.5th 227, 243–244, review granted March 10, 2021, S266652, followed *Lopez* and said, "it is the court's responsibility to act as independent fact finder and determine whether the evidence establishes a petitioner would be guilty of murder under amended [Penal Code] sections 188 and 189 and is thus ineligible for resentencing under section 1170.95, subdivision (d)(3)." *Rodriguez* also noted that less than two months before the introduction of Senate Bill 1437, the Supreme

4

Court held in *People v. Frierson* (2017) 4 Cal.5th 225 that a prosecutor must prove ineligibility beyond a reasonable doubt for resentencing under Proposition 36, the Three Strikes Reform Act of 2012. (*Rodriguez,* at p. 242.) "It is unlikely the Legislature would have selected that language if it had intended only an appellate-type review of the sufficiency of the evidence of the petitioner's guilt on a still-viable theory, rather than requiring the prosecutor to actually establish the petitioner's guilt under the newly amended statutes." (*Ibid*.)

*People v. Clements* (2021) 60 Cal.App.5th 597, 615, review granted April 28, 2021, S267624, explained the factual inquiry in a post-OSC evidentiary hearing under Penal Code section 1170.95, subdivision (d)(3) is whether the defendant committed murder under a theory still valid under the amended murder statutes. "The Legislature made this clear by explicitly holding the People to the beyond a reasonable doubt evidentiary standard and by permitting the parties to submit new or additional evidence at the hearing on eligibility." (*Clements,* at p. 615.)

Our Supreme Court is now considering this issue. Pending guidance from the Supreme Court, we agree with and adopt the analyses in *Lopez*, *Rodriguez* and *Clements*. At a hearing pursuant to Penal Code section 1170.95, subdivision (d)(3), whether a defendant is eligible for resentencing is to be decided by the superior court acting as an independent fact finder and applying the beyond a reasonable doubt standard of proof. Because the trial court used a standard akin to the substantial evidence test, the case must be remanded for a new hearing.

### DISPOSITION

The order denying defendant's resentencing petition is reversed and the case remanded to the superior court to conduct a

5

new evidentiary hearing pursuant to Penal Code section 1170.95, subdivision (d)(3).


                          GRIMES, Acting P. J.
        WE CONCUR:

                          STRATTON, J.


                          WILEY, J.